## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KASHYAP P. PATEL,

                      Plaintiff,

        v.

ATLANTIC MONTHLY GROUP LLC;
SARAH FITZPATRICK,

                    Defendants.

Case No.: 1:26-cv-01329-EGS

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' CONSENT MOTION TO SEAL

Pursuant to Local Civil Rule 5.1(h), Defendants Atlantic Monthly Group LLC and Sarah Fitzpatrick ("Defendants") respectfully move this Court for an Order sealing the portions of Dkt. 1-3 (the summons on Ms. Fitzpatrick) and page 1 of  Dkt. 2-1 (the corrected Complaint), that contain Ms. Fitzpatrick's home address, and directing Plaintiff Kashyap Patel ("Plaintiff") to file redacted versions for the public record.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 20, 2026, Plaintiff filed a Complaint in this action, attaching a summons for Ms. Fitzpatrick containing her home address.  Dkt. 1 & Dkt. 1-3.  The same day, the Court directed Plaintiff to comply with Local Civil Rule 5.1(c) by filing a Notice of Errata and attaching a corrected Complaint including the name and full residence address of each party, or alternatively, to file under seal.  Plaintiff subsequently filed a corrected Complaint containing Ms. Fitzpatrick's home address in the caption.  Dkt. 2-1.

**ARGUMENT**

Defendants request that Ms. Fitzpatrick's home address be sealed so as to avoid irreparable harm that would result if her address were publicly circulated.

While there is a "strong presumption in favor of public access to judicial proceedings," *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016), that presumption may be overcome. Six factors (the "*Hubbard*" factors) govern this inquiry: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Id.* (citing *United States v. Hubbard*, 650 F. 2d 293 (D.C. Cir. 1980). Further, the Court may, for good cause, "require redaction of additional information." Fed. R. Civ. P. 5.2 (e). As set forth below, each of the *Hubbard* factors supports sealing Ms. Fitzpatrick's home address, and there is good cause to do so.

*First*, the public has no need for access to Ms. Fitzpatrick's home address, which has no relevance to any issue in this action or the Court's adjudication of it. *See Hamiduva v. Obama*, 2015 WL 5176085, at *2 (D.C. Cir. Sept. 3, 2015) (finding that "while the public has a general interest in this proceeding, this factor weighs towards granting the request to seal because the information . . . never formed the basis of a determination on the merits . . . .").

*Second*, there has been no meaningful public dissemination of Ms. Fitzpatrick's home address, which was restricted from public access almost immediately upon filing by the Clerk.

*Third*, Ms. Fitzpatrick objects to the public disclosure of her own home address.  "[T]he fact that a party moves to seal the record weighs in favor of the party's motion."  *Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 149 (D.D.C. 2010).

*Fourth*, Ms. Fitzpatrick has a significant privacy and security interest in preventing the public disclosure of her home address.  Given the significant public attention to this lawsuit, disclosure of Ms. Fitzpatrick's personal address raises concerns about her personal safety and security, and she has already received threats in connection with her reporting and this action.  Courts in this District routinely seal parties' home addresses in analogous circumstances.  *See, e.g.*, *Bird v. Barr*, 2019 WL 13277452, at *4 (D.D.C. June 6, 2019) (sealing addresses where plaintiffs established that disclosure risks "retaliation or exploitation"); *Doe v. Benoit*, 2019 WL 13079193, at *4 (D.D.C. Apr. 30, 2019) (same); *K.J. v. United States*, 2022 WL 22624608, at *4 (D.D.C. Jan. 23, 2022) (same).

*Fifth*, redacting Ms. Fitzpatrick's home address will not prejudice any party or member of the public.  Indeed, Plaintiff consents to this Motion.

*Sixth*, Ms. Fitzpatrick's address was only included as part of initiating documents in this lawsuit and at the Court's request to satisfy applicable local rules.  But the address plays no substantive role in this lawsuit.

Accordingly, each of the *Hubbard* factors, as well as Federal Rule 5.2(e), favor sealing of Ms. Fitzpatrick's home address.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court seal Ms. Fitzpatrick's home address in the filings located at Dkt. 1-3 and 2-1, and direct Plaintiff to file redacted versions of those filings for the public record.

Dated: April 21, 2026

Katherine M. Bolger\*
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
Telephone: (212) 489-8230
katebolger@dwt.com

\*pro hac vice forthcoming

Respectfully submitted,
DAVIS WRIGHT TREMAINE LLP

By: /s/ Alison Schary
Alison Schary (DC Bar No. 1014050)
Laura Handman (DC Bar No. 444386)
Meenakshi Krishnan (DC Bar No. 1617229)
1301 K Street, NW, Suite 500 East
Washington, D.C. 20005
Telephone: (202) 973-4200
alisonschary@dwt.com
laurahandman@dwt.com
meenakshikrishnan@dwt.com

Counsel for Defendants

4