IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**KASHYAP P. PATEL**,

*Plaintiff*,

v.

**ATLANTIC MONTHLY GROUP LLC; SARAH FITZPATRICK**

*Defendants*.

Case No.: 1:26-cv-01329-EGS

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY**

Jesse R. Binnall, VA022
Jason C. Greaves, DC1033617
Jared J. Roberts, FL00153
BINNALL LAW GROUP
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jesse@binnall.com
jason@binnall.com
jared@binnall.com

*Counsel for Plaintiff*

## TABLE OF CONTENTS

TABLE OF CONTENTS .......... I

TABLE OF AUTHORITIES .......... II

BACKGROUND .......... 1

ARGUMENT .......... 2

I. Pendency of a motion to dismiss does not justify a unilateral motion to stay discovery unless it is clearly meritorious and truly case dispositive. .......... 2

a. Pendency of a motion to dismiss does not automatically entitle a movant to a stay. .......... 2

b. Defendants have not carried their burden to demonstrate their motion to dismiss is clearly meritorious and case dispositive. .......... 4

c. Defendants' First Amendment arguments do not warrant a stay. .......... 6

d. Dir. Patel would be prejudiced by a stay of discovery. .......... 7

II. Defendants' request for a Touhy exception exposes the unreasonableness of their position. .......... 9

CONCLUSION .......... 10

CERTIFICATE OF SERVICE .......... 12

## TABLE OF AUTHORITIES

**Cases**

*Branzburg v. Hayes*,
408 U.S. 665 (1972) ... 7

*Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*,
201 F.R.D. 1 (D.D.C. 2001) ... 3

*Clinton v. Jones*,
520 U.S. 681 (1997) ... 2

*Continental Illinois Bank & Trust Co. v. Caton*,
130 F.R.D. 145 (D. Kan. 1990) ... 3

*Dist. Title v. Warren*,
No. CV 14-1808 (ABJ), 2015 WL 12964658 (D.D.C. June 15, 2015) ... 2

*Gray v. First Winthrop Corp.*,
133 F.R.D. 39 (N.D. Cal. 1990) ... 3

*Hunt v. Liberty Lobby*,
720 F.2d 631 (11th Cir. 1983) ... 5

*IPOC Int'l Growth Fund Ltd. v. Diligence, LLC*,
No. CV 06-1109 (PLF/AK), 2006 WL 8460103 (D.D.C. Oct. 13, 2006) ... 4

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ... 2

*Moldea v. N.Y. Times*,
137 F.R.D. 1 (D.D.C. 1990) ... 6

*Oparaugo v. Watts*,
884 A.2d 63 (D.C. 2005) ... 6

*People With AIDS Health Group v. Burroughs Wellcome Co.*,
No. 91-0574, 1991 WL 221179 (D.D.C. Oct. 11, 1991) ... 3, 8

*Royer v. Fed. Bureau of Prisons*,
292 F.R.D. 60 (D.D.C. 2013) ... 3

*Ruifang Hu v. K4 Solutions, Inc.*,
No. 18-cv-1240, 2020 WL 1189297 (D.D.C. Mar. 12, 2020) ... 6

*Sai v. Dep't of Homeland Sec.*,
99 F. Supp. 3d 50 (D.D.C. 2015)........................................................................ 4

*St. Amant v. Thompson*,
390 U.S. 727 (1968)........................................................................................ 5

*Tavoulareas v. Piro*,
817 F.2d 762 (D.C. Cir. 1987) (en banc) ........................................................ 5

*Twin City Fire Ins. Co. v. Employers Ins. of Wausau*,
124 F.R.D. 652 (D. Nev. 1989)........................................................................ 4

*United States v. Honeywell Int'l, Inc.*,
20 F. Supp. 3d 129 (D.D.C. 2013).................................................................... 2

*Vandenburg v. Newsweek, Inc.*,
441 F.2d 378 (5th Cir. 1971) ........................................................................... 5

*White v. Fraternal Order of Police*,
909 F.2d 512 (D.C.Cir.1990)............................................................................ 2

*Wood v. McEwen*,
644 F.2d 797 (9th Cir.1981) ............................................................................ 4

Defendants want discovery for me but not for thee. They seek to open the flood gates of discovery on their end, while shielding themselves from any discovery in the other direction. Additionally, they fail to carry their burden to establish good cause for any stay of discovery. Time is of the essence in this case, which involves the ongoing defamation and damage to the Director of the FBI. Staying this case now would only delay its ultimate resolution, which is not in the interest of this Court, Dir. Patel, or the public.

## BACKGROUND

Dir. Patel filed this defamation action on April 20, 2026, based on an Article published by Defendants on April 17, 2026 under the headline "Kash Patel's Erratic Behavior Could Cost Him His Job." Compl. ¶ 1. The Article contained numerous demonstrably false statements concerning Dir. Patel's fitness for office, including fabricated claims about alcohol consumption, unexplained absences, retaliatory firings, panic over job security, and an alleged focus on personal merchandise. Compl. ¶ 18.

Before publication, multiple official sources with firsthand knowledge categorically refuted the Article's claims. FBI Assistant Director Williamson responded that the claims were "one of the most absurd things I've ever read. Completely false at a nearly 100% clip." Compl. ¶ 32. Dir. Patel's counsel sent a detailed Pre-Publication Letter refuting the claims on the record and requesting additional time to respond. Compl. ¶¶ 33–34. Defendants refused to extend the

deadline, never responded to the letter, and ignored the counter-evidence entirely. Compl. ¶ 35.

On July 27, 2026, Defendants filed their Motion to Dismiss. Dkt. No. 15. Contemporaneously, Defendants filed the instant Motion to Stay Discovery Except Touhy Requests. Dkt. No. 16. Thus, Defendants seek to freeze Plaintiff's discovery while simultaneously carving out a broad exception to pursue their own.

## ARGUMENT

### I. Pendency of a motion to dismiss does not justify a unilateral motion to stay discovery unless it is clearly meritorious and truly case dispositive.

#### a. Pendency of a motion to dismiss does not automatically entitle a movant to a stay.

"The decision whether to stay discovery is committed to the sound discretion of the district court judge." *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C.Cir.1990). "The proponent of a stay bears the burden of establishing its need." *United States v. Honeywell Int'l, Inc.*, 20 F. Supp. 3d 129, 132 (D.D.C. 2013) (quoting *Clinton v. Jones*, 520 U.S. 681 (1997)). That burden is not a light one: the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward." *Dist. Title v. Warren*, No. CV 14-1808 (ABJ), 2015 WL 12964658, at *3 (D.D.C. June 15, 2015) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). Defendants have not met this standard.

A pending motion to dismiss does not, in and of itself, warrant a stay of discovery. *People With AIDS Health Group v. Burroughs Wellcome Co.*, No. 91-0574, 1991 WL 221179, at *1 (D.D.C. Oct. 11, 1991). Indeed, "[b]are assertions that

discovery will be unduly burdensome or that it should be stayed pending dispositive motions that will probably be sustained, are insufficient to justify the entry of an order staying discovery generally." *Id.* (quoting *Continental Illinois Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990)). A "bald assertion that [the] motion to dismiss will be granted" is insufficient to stay discovery. *Id.*; *Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 n.4 (D.D.C. 2001).

Courts in this District generally look at three factors in evaluating a motion to stay: (1) "where a motion which would be entirely dispositive if granted is pending;" (2) "the discovery is not needed to permit the party who seeks discovery to oppose the pending dispositive motion;" and (3) "the party who seeks discovery would not be prejudiced by a stay." *Chavous*, 201 F.R.D. at 5. Even under this framework, however, the pendency of a motion to dismiss does not automatically warrant a stay. Rather, "a stay of discovery pending determination of a motion to dismiss 'is rarely appropriate when the pending motion will not dispose of the entire case.'" *Royer v. Fed. Bureau of Prisons*, 292 F.R.D. 60, 62 (D.D.C. 2013) (quoting *Chavous*, 201 F.R.D. at 3).

As one court aptly noted, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). A court may stay discovery only when it is "convinced that the plaintiff will be unable to state a claim for relief." *Twin City Fire Ins. Co. v.*

*Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981)).

Moreover, speculative contentions that a complaint could be dismissed are not enough to justify a stay. *IPOC Int'l Growth Fund Ltd. v. Diligence, LLC*, No. CV 06-1109 (PLF/AK), 2006 WL 8460103, at *2 (D.D.C. Oct. 13, 2006). "No categorical rule is appropriate; rather each case should be considered based on its unique facts and context." *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015).

Therefore, to the extent Defendants argue they are entitled to a stay solely based upon the pendency of their motion to dismiss, that argument is contrary to the well-established law of this District. Defendants must do more—and they have not.

**b. Defendants have not carried their burden to demonstrate their motion to dismiss is clearly meritorious and case dispositive.**

Even a "preliminary peek" at the merits of Defendants' Motion to Dismiss reveals that it is far from clearly meritorious—indeed, it faces substantial obstacles at every turn.

Defendants' primary argument is that Dir. Patel cannot adequately plead actual malice. But as set forth in detail in Dir. Patel's opposition to the motion to dismiss, Dir. Patel's Complaint plausibly alleges actual malice through multiple, independent bases: (1) categorical denials from multiple official sources before publication, including FBI Assistant Director Williamson's statement that the allegations were "one of the most absurd things I've ever read. Completely false at a nearly 100% clip"; (2) reliance on hostile, anonymous sources who lacked firsthand

knowledge of the events they purported to describe; (3) purposeful avoidance of readily available contrary evidence; (4) inherently improbable allegations—most notably, the fabricated claim that "breaching equipment" was requested because the FBI Director was "unreachable behind locked doors," when breach equipment is standard issue to all FBI protection details; and (5) editorial animus demonstrated by months of negative coverage and a demonstrable editorial campaign against Dir. Patel.

Under *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968), reckless disregard means the defendant "in fact entertained serious doubts as to the truth of his publication." The D.C. Circuit has made clear that "a plaintiff may prove the defendant's subjective state of mind through the cumulation of circumstantial evidence." *Tavoulareas v. Piro*, 817 F.2d 762, 789 (D.C. Cir. 1987) (en banc). "When a story is not 'hot news,' 'actual malice may be inferred when the investigation . . . was grossly inadequate in the circumstances.'" *Hunt v. Liberty Lobby*, 720 F.2d 631, 645 (11th Cir. 1983) (quoting *Vandenburg v. Newsweek, Inc.*, 441 F.2d 378, 380 (5th Cir. 1971)).

Here, each *St. Amant* factor is satisfied. The Complaint alleges the story was fabricated, was inherently improbable, and was based on sources that Defendants had obvious reasons to doubt. *See Tavoulareas*, 817 F.2d at 790 (identifying these as the three benchmarks for actual malice). Yet Defendants ask the Court to accept that their motion to dismiss is so clearly meritorious that all discovery should be halted. It is not.

Furthermore, "[t]he District of Columbia does not use a heightened pleading standard for defamation claims." *Ruifang Hu v. K4 Solutions, Inc.*, No. 18-cv-1240, 2020 WL 1189297, at *11 (D.D.C. Mar. 12, 2020) (citing *Oparaugo v. Watts*, 884 A.2d 63, 77 (D.C. 2005)). Dir. Patel's Complaint satisfies the standard pleading requirements. Defendants' motion to dismiss is vigorously contested, raises factual questions inappropriate for resolution on the pleadings, and is anything but clearly meritorious and truly case dispositive.

In sum, a "preliminary peek" at the motion to dismiss confirms it presents disputed issues of fact—particularly regarding actual malice—that cannot be resolved at the pleading stage. This alone defeats Defendants' primary basis for a stay. It is likely that of the 17 challenged statements, at least one will survive, meaning Defendants' pending motion is not truly case dispositive.

**c. Defendants' First Amendment arguments do not warrant a stay.**

Defendants invoke the First Amendment as a talisman to shield themselves from discovery. But the First Amendment does not provide a blanket shield from discovery in defamation cases—particularly where, as here, the plaintiff has plausibly alleged actual malice.

Defendants' own authority undermines their argument. In *Moldea v. N.Y. Times*, 137 F.R.D. 1, 2 (D.D.C. 1990), the court acknowledged First Amendment sensitivities but expressly stated that "this factor standing alone would not automatically entitle defendant to a stay of discovery." The court in *Moldea* ultimately granted a limited stay only because the pending motion for summary

judgment in that case was clearly meritorious—a showing Defendants cannot make here.

As the Supreme Court has made clear, the press has no "special immunity from the application of general laws." *Branzburg v. Hayes*, 408 U.S. 665, 684 (1972). First Amendment protections do not extend to the deliberate fabrication of falsehoods. Defendants who publish deliberate lies cannot then invoke the constitutional provision designed to protect legitimate journalism to avoid the consequences of their fabrications. Dir. Patel provided substantial case law in his opposition to the motion to dismiss, highlighting that the First Amendment has *no* protection for defamatory statements.

Defendants' characterization of Dir. Patel as a "serial defamation plaintiff" is nothing more than an *ad hominem* attack designed to distract from the merits. It is legally irrelevant to the standard for a stay of discovery. A plaintiff who has been serially defamed is entitled to seek redress. The relevant inquiry is whether *this* motion to dismiss is clearly meritorious and truly case dispositive—and it is not.

**d. Dir. Patel would be prejudiced by a stay of discovery.**

Defendants contend that a "finite" stay will not prejudice Dir. Patel. This assertion is belied by the nature of the claims and the practical realities of this litigation.

Dir. Patel has suffered—and continues to suffer—ongoing defamation and reputational harm of the most severe kind. The Article accuses the Director of the Federal Bureau of Investigation of alcoholism, dereliction of duty, and unfitness for

office. These are not garden-variety business torts; they strike at the heart of Dir. Patel's professional reputation and personal integrity. Every day that the Article remains unremedied, the damage compounds. The Article has been republished and discussed in countless media outlets, multiplying the harm exponentially. With each passing day, the false narrative becomes more entrenched in the public consciousness. Any delay in discovery will only serve to delay Dir. Patel repairing his reputation by delaying the progress of this litigation.

Moreover, delay creates tangible evidentiary prejudice. Memories fade. Documents may be lost or destroyed. Sources who might today recall the circumstances of publication may become unavailable. The longer discovery is delayed, the more difficult it becomes to reconstruct the facts surrounding Defendants' publication decisions. This is particularly critical in an actual malice case, where the central inquiry concerns Defendants' subjective state of mind at the time of publication.

Defendants' only explanation for why they need a stay beyond the fact that they have filed a motion to dismiss—the sort of "bare assertion" that this District has repeatedly held insufficient. *People With AIDS Health Group*, 1991 WL 221179, at *1. The prejudice to Plaintiff of granting Defendants' motion far outweighs any speculative burden to Defendants of responding to discovery in a case they chose to provoke by publishing false statements about the Director of the FBI.

## II. Defendants' request for a Touhy exception exposes the unreasonableness of their position.

Perhaps the most telling part of Defendants' motion is what they ask for alongside the stay: an exception permitting them to pursue their own expansive discovery through Touhy requests to the Department of Justice and the FBI.

Defendants' position is that all discovery should stop because a pending motion to dismiss makes it unnecessary, burdensome, and constitutionally problematic—*except* for their own discovery, which should proceed unimpeded. If discovery is truly prejudicial, unnecessary, and constitutionally suspect pending resolution of the motion to dismiss, then it would be unnecessary for Defendants to conduct their own discovery.

The scope of Defendants' Touhy requests further exposes the unreasonableness of their position. These requests are extraordinarily broad—seeking everything from Dir. Patel's medical records to his travel records, calendar, membership at private clubs, and personnel decisions throughout his tenure as FBI Director. This is not the narrow, targeted inquiry of a party that genuinely believes discovery is premature. It is the sweeping discovery program of a party that wants to investigate its opponent while shielding itself from reciprocal scrutiny.

Defendants cannot have it both ways. They cannot simultaneously argue that (1) all discovery should cease because it is burdensome, unnecessary, and chills First Amendment freedoms; and (2) they should be permitted to conduct their own broad-ranging investigation into Dir. Patel's personal and official conduct. These positions are irreconcilable.

If this Court is inclined to permit any discovery to proceed, it should be reciprocal. If Defendants wish to conduct Touhy discovery into Dir. Patel's conduct, Dir. Patel must be equally entitled to conduct discovery into Defendants' editorial processes, source communications, and publication decisions—the very evidence that goes to the heart of actual malice. Anything less would be fundamentally unfair, and this Court should discourage such practice.

Alternatively, if the Court determines that discovery truly should be stayed pending resolution of the motion to dismiss, it should be stayed for *all* parties—including Defendants' Touhy requests. Defendants should not be permitted to build their defense on the backs of Dir. Patel's forced inaction.

**CONCLUSION**

Defendants have failed to carry their burden of showing that a stay is reasonable, necessary, and appropriate and that good cause exists. Dir. Patel's Complaint is well-pleaded and alleges decidedly non-frivolous claims of defamation supported by categorical pre-publication denials from multiple official sources with firsthand knowledge. Any burden to Defendants of beginning discovery in this case is minimal in comparison with the prejudice to Dir. Patel of continued delay in vindicating his reputation. Therefore, this Court should deny Defendants' Motion to Stay Discovery.

Dated: August 17, 2026

Respectfully submitted,

*/s/ Jason C. Greaves*
Jason C. Greaves, DC1033617
Jesse R. Binnall, VA022
Jared J. Roberts, FL00153

BINNALL LAW GROUP
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jason@binnall.com
jesse@binnall.com
jared@binnall.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on August 17, 2026, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

*/s/ Jason C. Greaves*
Jason C. Greaves

*Counsel for Plaintiff*