**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KASHYAP P. PATEL,

Plaintiff,

v.

ATLANTIC MONTHLY GROUP LLC;
SARAH FITZPATRICK,

Defendants.

Case No.: 1:26-cv-01329-EGS

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO STAY DISCOVERY EXCEPT *TOUHY* REQUESTS**

Katherine M. Bolger (Bar ID: NY0205)
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
Telephone: (212) 489-8230
katebolger@dwt.com

Laura Handman (Bar ID: 444386)
Alison Schary (Bar ID: 1014050)
Meenakshi Krishnan (Bar ID: 1617229)
Azeezat Adeleke (Bar ID: 90011862)
1301 K Street NW, Suite 500 East
Washington, D.C. 20005
Telephone: (202) 973-4200
laurahandman@dwt.com
alisonschary@dwt.com
meenakshikrishnan@dwt.com
azeezatadeleke@dwt.com

*Counsel for Defendants*

# TABLE OF CONTENTS

ARGUMENT ........................................................................................................................1

I. A DISCOVERY STAY IS WARRANTED ..........................................................................1

A. The Motion to Dismiss Would Be Case Dispositive (*Chavous* Factor 1) ........................2

B. Director Patel Concedes He Does Not Need Discovery to Oppose the Motion to Dismiss (*Chavous* Factor 2) ........................................................................................4

C. Director Patel Would Not Be Prejudiced by a Discovery Stay, While Defendants Would be Significantly Prejudiced (*Chavous* Factor 3) ....................................................4

II. THE *TOUHY* REQUESTS SHOULD BE EXEMPTED FROM THE STAY .....................6

CONCLUSION ....................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*,
201 F.R.D. 1 (D.D.C. 2001) .......... 2, 4, 5, 6

*District Title v. Warren*,
2015 WL 12964658 (D.D.C. June 15, 2015) .......... 3

*IPOC Int'l Growth Fund Ltd. v. Diligence*,
2006 WL 8460103 (D.D.C. Oct. 13, 2006) .......... 3

*Loumiet v. United States*,
225 F. Supp. 3d 79 (D.D.C. 2016) .......... 3, 5

*Moldea v. New York Times Co.*,
137 F.R.D. 1 (D.D.C. 1990) .......... 3

*People with Aids Health Group v. Burroughs Wellcome Co.*,
1991 WL 221179 (D.D.C. Oct. 11, 1991) .......... 4

*Rodriguez v. Imperial Brands*
*plc*, 2022 WL 2231504 (S.D. Fla. May 25, 2022) .......... 2

*Royer v. Federal Bureau of Prisons*,
292 F.R.D. 60 (D.D.C. 2013) .......... 4

*Sai v. Dep't of Homeland Sec.*,
99 F. Supp. 3d 50 (D.D.C. 2015) .......... 3

*Satterlee v. Comm'r of Internal Revenue*,
195 F. Supp. 3d 327 (D.D.C. 2016) .......... 4

*Twin City Fire Ins. Co. v. Employers Ins. of Wausau*,
124 F.R.D. 652 (D. Nev. 1989) .......... 2

*United States v. Honeywell International*,
20 F. Supp. 3d 129 (D.D.C. 2013) .......... 3

Plaintiff's Opposition to Defendants' Motion to Stay ("Stay Opp." and "Stay Mot.") only underscores why a discovery stay pending resolution of the Motion to Dismiss ("MTD") is warranted, with a limited exception to begin the lengthy process of pursuing third-party discovery from the government under the *Touhy* framework. The Opposition is notable more for what it does not say than for what it does. For example, Director Patel does not dispute—and therefore concedes—that he does not need discovery to oppose the Motion to Dismiss (obviously not, given that he has already filed his Opposition). He does not address the heightened First Amendment concerns that uniquely prejudice Defendants in this case, including that the sitting FBI Director—who has repeatedly filed later-dismissed or withdrawn defamation lawsuits, reportedly opened a criminal leak investigation into Defendant Sarah Fitzpatrick, and overseen the issuance of subpoenas to journalists that were later withdrawn—now seeks, by his own admission, to compel disclosure of Defendants' newsgathering files and confidential sources through premature discovery. And most revealingly, the Opposition neither disputes that this case will require *Touhy* discovery nor offers any substantive rejoinder to the Stay Motion's explanation of why this lengthy and cumbersome process must begin now. Instead, Director Patel insists that Defendants' request to commence discovery is one-sided discovery. But this claim is nonsense—should this Court enter the order Defendants request, Director Patel would also be free to pursue *Touhy* discovery.

Defendants respectfully request that the Court stay all discovery pending resolution of their Motion to Dismiss, except for the *Touhy* requests.

## ARGUMENT

### I. A DISCOVERY STAY IS WARRANTED

The Stay Motion demonstrates that a discovery stay is justified in this case because each of the *Chavous* factors are met: (1) the Motion to Dismiss would be "entirely dispositive" if

granted; (2) discovery is not needed to permit Director Patel to oppose the Motion to Dismiss; and (3) Director Patel would not be prejudiced by a stay. Stay Mot. at 6 (citing *Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001)) (citation omitted). In the Opposition, Plaintiff barely marshals any responsive arguments, instead misrepresenting—or largely ignoring—Defendants' arguments.

**A. The Motion to Dismiss Would Be Case Dispositive (*Chavous* Factor 1)**

Defendants' Motion to Dismiss clearly satisfies the first *Chavous* factor because it would dispose of the entire case if granted. *See* MTD at 12-33. Because he cannot seriously dispute that the Motion to Dismiss is dispositive, Director Patel misrepresents the legal standard: he claims the pending motion must be not only dispositive, but "clearly meritorious." Stay Opp. at 2, 4-7. And he quotes a nearly 30-year-old Nevada case to assert that this court "may stay discovery only when it is 'convinced that the plaintiff will be unable to state a claim for relief.'" Stay Opp. at 3-4 (citing *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).[1] But neither of these standards apply here, and Director Patel cites no case from this Court applying it.[2] To the contrary, in this Circuit it is "well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the

---

[1] In addition to not being controlling, this case is also inapposite; it involved a "mere conclusory statement that discovery would cause undue burden and expense" in a case that did not implicate the First Amendment. *Twin City Fire Ins.*, 124 F.R.D. at 653.

[2] This "clearly meritorious" language (along with the phrase "preliminary peek," which he also quotes repeatedly without attribution) instead appears to come from case law in Florida, where Plaintiff's counsel frequently practices. *See, e.g.*, *Rodriguez v. Imperial Brands plc*, 2022 WL 2231504, at *3 (S.D. Fla. May 25, 2022) ("[C]ourts generally take a 'preliminary peek at the merits of [the] dispositive motion to see if it appears to be clearly meritorious and truly case dispositive.'") (citations omitted).

claims in the Complaint is pending." *Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016). *See also* Stay Mot. at 6-7 (collecting cases). That is plainly the case here.

Director Patel's Opposition completely ignores this substantial body of case law. Notably, he fails to identify ***a single defamation case*** where this Court denied a motion to stay discovery pending resolution of a dispositive motion to dismiss.[3] In fact, two of the cases he cites actually *support* Defendants' motion. *See* Stay Opp. at 4 (citing *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015)) (granting stay of discovery "pending resolution of the threshold, dispositive motions"); *IPOC Int'l Growth Fund Ltd. v. Diligence*, 2006 WL 8460103, at *4 (D.D.C. Oct. 13, 2006) (imposing partial stay of discovery pending resolution of dispositive motions with limited exceptions, including for "non-party discovery"). The rest are entirely distinguishable. *See, e.g.*, *United States v. Honeywell International*, 20 F. Supp. 3d 129, 132 (D.D.C. 2013) (denying stay where partial summary judgment motions in separate actions were not fully dispositive and would not bind the plaintiff, who was not a party to those actions); *District Title v. Warren*, 2015 WL 12964658, at *4 (D.D.C. June 15, 2015) (denying stay where court had previously rejected the same argument raised in the pending motion and movant "offer[ed] no new information that would alter the [c]ourt's view"); *Royer v. Federal Bureau of Prisons*, 292 F.R.D. 60, 62 (D.D.C. 2013) (denying stay in prisoner civil rights case where government already had ample "opportunity to dispose of this case without discovery" in its four

---

[3] In fact, in the Opposition, Director Patel only addressed one defamation case cited by Defendants. Stay Opp. at 6-7 (citing *Moldea v. New York Times Co.*, 137 F.R.D. 1, 2 (D.D.C. 1990)). But not only do Director Patel's attempts to distinguish that case fail, they highlight why a stay is appropriate here. While Director Patel claims the court granted the stay because the pending motion was "clearly meritorious," those words appear nowhere in the court's decision. Rather, the court granted the stay based on a combination of First Amendment considerations, the lack of need for further discovery to oppose the motion, and the brief duration of the stay. *Moldea*, 137 F.R.D. at 2. Those very same factors weigh in favor of a stay here.

previous unsuccessful dispositive motions and "g[ave] no indication of the basis" for a potential future dispositive motion); *People with Aids Health Group v. Burroughs Wellcome Co.*, 1991 WL 221179, at *1 (D.D.C. Oct. 11, 1991) (declining to grant stay where movant offered only "bare," unsubstantiated allegations of burdensome discovery and a pending motion).[4]

Because the Motion to Dismiss would dispose of the entire case for failure to plead actual malice, and would independently dispose of multiple challenged statements on additional grounds, the first *Chavous* factor supports a stay.[5]

### B. Director Patel Concedes He Does Not Need Discovery to Oppose the Motion to Dismiss (*Chavous* Factor 2)

As to the second *Chavous* factor, Defendants explained that Director Patel does not need discovery to oppose the Motion to Dismiss. The Opposition is silent on this factor, and therefore concedes it. *See Satterlee v. Comm'r of Internal Revenue*, 195 F. Supp. 3d 327, 337 (D.D.C. 2016) ("Plaintiff does not address this argument in his opposition, and so he has conceded it."). And by concurrently filing his opposition to the Motion to Dismiss, Director Patel confirmed that no discovery is necessary. The second *Chavous* factor supports a stay.

### C. Director Patel Would Not Be Prejudiced by a Discovery Stay, While Defendants Would be Significantly Prejudiced (*Chavous* Factor 3)

Finally, for the third *Chavous* factor, Director Patel does not identify *any* genuine

---

[4] *Compare Chavous*, 201 F.R.D. at 3 n.4 (distinguishing *People with AIDS* and granting stay, recognizing that premature discovery would be "wasteful and inefficient" and raise "significant privilege issues").

[5] Defendants respectfully refer the Court to their Motion to Dismiss Reply for a fuller response to Director Patel's arguments, but even a cursory review of his Opposition to the Motion to Dismiss makes clear that it lacks merit. And contrary to the Opposition's suggestion, Defendants do not argue that Director Patel's claims are subject to any "heightened" pleading standards. Stay Opp. at 6. His allegations are deficient under the ordinary pleading standards and *Iqbal*/*Twombly*. Mot. at 12-33.

prejudice that would result from a discovery stay. Instead, the Opposition offers only generic, conclusory assertions that could apply to any defamation plaintiff: claiming that Director Patel has "suffered—and continues to suffer—ongoing defamation and reputational harm," that a stay would delay his ability to "repair[] his reputation by delaying the progress of this litigation," and that any delay will make it "more difficult . . . to reconstruct the facts" of the case. Stay Opp. at 7-8. If such allegations were sufficient, it would render the third *Chavous* factor meaningless. *See Loumiet*, 225 F. Supp. 3d at 84 (rejecting claim that plaintiff would be "prejudiced by any further delay in discovery" despite the case having been pending for more than four years, and granting stay).

At the same time, the Opposition entirely ignores the substantial prejudice Defendants would face if discovery proceeds at this early stage, instead dismissing Defendants' position as solely reliant on the filing of a motion to dismiss. Stay Opp. at 8. That is plainly incorrect. The Stay Motion details the significant First Amendment concerns implicated by premature and unnecessary discovery in defamation actions. Stay Mot. at 1-2, 7-8, 10-11. It also explains why those concerns are especially acute here given Director Patel's history as a defamation plaintiff, his role as the sitting FBI Director and public attacks on the media (including frivolous subpoenas issued to journalists), and the substantial complexities associated with discovery in this case, including issues involving reporter's shield laws. *Id.* And as the Stay Motion demonstrated, courts routinely find stays to be particularly appropriate in defamation actions like this one, because they protect media defendants from the chilling effect of burdensome and unnecessary discovery, cases that Plaintiff entirely ignores. Stay Mot. at 7 (collecting cases).

Director Patel's assertion that references to his history as a serial defamation plaintiff are merely "designed to distract from the merits" misses the point entirely. Stay Opp. at 7. His

litigation record is relevant because it demonstrates his pattern of using defamation suits to burden and harass media defendants through costly and intrusive litigation (and related discovery), despite the fact that those actions have universally been dismissed or withdrawn. Indeed, Director Patel's own Opposition confirms the concern, as he expressly seeks discovery into "Defendants' editorial processes, source communications, and publication decisions"—materials that strike at the heart of Defendants' First Amendment-protected newsgathering activities. Stay Opp. at 10.

Given the negligible prejudice to Director Patel and the substantial prejudice to Defendants, the third and final *Chavous* factor also supports a stay.

## II. THE *TOUHY* REQUESTS SHOULD BE EXEMPTED FROM THE STAY

The Stay Motion also explains why a limited exception for *Touhy* requests is justified, for two related reasons. Stay Mot. at 12-19. First, the *Touhy* requests seek records and information directly relevant to a central issue in this case—whether Director Patel can establish material falsity. *Id.* at 13-17. If he cannot, and/or if the relevant agencies decline to produce relevant information, that failure may independently require early dismissal. *Id.* at 16-17. Second, and more importantly for the purpose of this motion, the *Touhy* process is notoriously burdensome and time-consuming, often taking years to complete even in ordinary circumstances. *Id.* at 17-19. That process is likely to be even more protracted and complex here given the unprecedented scenario of the sitting FBI Director serving as a defamation plaintiff. *Id.*

The Opposition does not even attempt to respond to these arguments. Director Patel does not dispute the relevance of the records sought through the *Touhy* process. Nor does he contest that without those records, and by his own allegations, he cannot satisfy his burden of proving material falsity, thus requiring dismissal. Stay Mot. 15-16; Compl. ¶¶ 21-26, 41. He likewise

does not rebut that the *Touhy* requests are uniquely situated in the discovery process because unlike ordinary party discovery, they are exceptionally time-intensive and burdensome. He does not address Defendants' showing that both Director Patel personally and the DOJ and FBI more broadly have been resistant to congressional oversight and records requests seeking similar information. Nor does he address the significant time period that such requests have been languishing before the DOJ and FBI. Stay Mot. at 13-19. Director Patel's failure even to muster a response to these arguments underscores why the *Touhy* requests should proceed.

Director Patel's *only* response is to characterize the requested *Touhy* exception to a stay as a "discovery for me but not for thee" approach and to assert that the requests are "extraordinarily broad." Stay Opp. at 1, 9. Neither argument has merit.

As to the first point, Defendants are not seeking one-sided party discovery. They seek *third-party discovery* from the DOJ and FBI, not discovery from Director Patel in his individual capacity (which of course, Defendants would pursue should this action proceed beyond the pleadings). Defendants seek a specific carve-out from the requested discovery stay for the *Touhy* requests for a practical case-management reason: unlike ordinary party discovery, the *Touhy* process operates outside this Court's scheduling order and routinely takes years to complete. Initiating that process now is therefore necessary to ensure that any agency responses are not hopelessly out of sync with the case schedule if discovery were to ultimately proceed.

As to the second point, the *Touhy* requests are necessarily broad because the scope of this case is wide-ranging. Director Patel's allegations are themselves sweeping—taking in statements about his alleged excessive drinking and performance as FBI director, including frequent absences, mishandling of high-profile investigations, impulsive decision-making, fear of losing his job, and termination of employees perceived as disloyal. And on top of that,

Director Patel himself directly references information in his Complaint allegedly within the possession, custody, and control of the DOJ, the FBI, and Director Patel in his official capacity. Stay Mot. at 15-16. The scope of the requests thus tracks the scope of the claims. Director Patel cannot bring a wide-ranging lawsuit, name certain documents he claims prove his allegations, and then protest that the discovery necessary for Defendants to test those allegations is too broad.

Finally, for the avoidance of doubt, this is not a "one-sided" request: Defendants have no objection to the Court entering a stay with an exception for *both* parties to begin the *Touhy* process. As noted in Defendants' motion, Director Patel will not be able to meet his burden of proving falsity without third-party discovery from the government. By starting that process now, the parties—and the Court—can tee up the government's position on these essential discovery matters, which may ultimately foreclose Director Patel's claims altogether.

**CONCLUSION**

For the foregoing reasons—and those in the Stay Motion—this Court should stay discovery pending resolution of the Motion, except for the aforementioned *Touhy* requests.

Dated: August 31, 2026

Respectfully submitted,
DAVIS WRIGHT TREMAINE LLP

By: */s/ Katherine M. Bolger*
Katherine M. Bolger (Bar ID: NY0205)
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
Telephone: (212) 489-8230
katebolger@dwt.com

*Counsel for Defendants*

Laura Handman (Bar ID: 444386)
Alison Schary (Bar ID: 1014050)
Meenakshi Krishnan (Bar ID: 1617229)
Azeezat Adeleke (Bar ID: 90011862)
1301 K Street NW, Suite 500 East
Washington, D.C. 20005
Telephone: (202) 973-4200
laurahandman@dwt.com
alisonschary@dwt.com
meenakshikrishnan@dwt.com
azeezatadeleke@dwt.com