**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KASHYAP P. PATEL,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC MONTHLY GROUP LLC, *et al.*,<br><br>Defendants. | Civil Action No. 26-1329 (EGS) |

**MEMORANDUM OPINION**

Plaintiff Kashyap P. Patel, the Director of the Federal Bureau of Investigation ("FBI"), brings this action, alleging defamation and defamation per se, in response to an article published by Defendants Atlantic Monthly Group LLC and its staff writer, Sarah Fitzpatrick (collectively, "Defendants"). Compl., ECF No. 10 ¶ 1.[1]

Pending before the Court is Defendants' Motion to Stay Discovery Except *Touhy* Requests ("Motion to Stay"). *See* Defs.' Mot. to Stay Disc. Except *Touhy* Reqs., ECF No. 16; and Defs.' Mem. of P. & A. in Supp. of Mot. to Stay Disc. Except *Touhy* Reqs. (collectively, "Mot. to Stay"), ECF No. 16-1. Plaintiff opposes the Motion to Stay, *see* Pl.'s Opp'n to Defs.' Mot. to

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF header page number, not the original page number of the filed document.

Stay ("Opp'n"), ECF No. 20; and Defendants have filed a Reply, *see* Defs.' Reply Mem. in Further Supp. of their Mot. to Stay Disc. Except *Touhy* Reqs. ("Reply"), ECF No. 22.

On the same day Defendants filed their Motion to Stay, they also filed a Motion to Dismiss the Complaint ("Motion to Dismiss"). *See* Defs.' Mot. to Dismiss the Compl., ECF No. 15; and Defs.' Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss the Compl. (collectively, "Mot. to Dismiss"), ECF No. 15-1. Plaintiff opposes the Motion to Dismiss, *see* Pl.'s Opp'n to Defs.' Mot. to Dismiss the Compl., ECF No. 19; and Defendants have filed a Reply, *see* Defs.' Reply Mem. in Further Supp. of Their Mot. to Dismiss the Compl., ECF No. 21. The Motion to Dismiss is not addressed in this Memorandum Opinion.

As is the norm when a motion to dismiss has been filed and is pending, discovery has not yet commenced in this matter. Nevertheless, Defendants seek to initiate third-party discovery from the Department of Justice ("DOJ") and FBI pursuant to DOJ's *Touhy* procedures set forth at 28 C.F.R. §§ 16.21-16.29, but also seek to stay all other discovery. Mot. to Stay, ECF No. 16-1 at 18. They state that they seek to initiate the *Touhy* process while the Motion to Dismiss is pending because of the time involved in such requests and because that process is independent of any scheduling order involving discovery the Court may issue. *Id.* at 18–19. Accordingly, the Motion to Stay

requests a stay of discovery except for the parties' *Touhy* requests.

Upon careful consideration of Defendants' Motion to Stay, the Opposition, the Reply, the applicable law, and for the reasons discussed below, the Court **GRANTS** Defendants' Motion to Stay Discovery Except *Touhy* Requests, ECF No. 16.

## I. Legal Standard

"It has long been recognized that trial courts are vested with broad discretion to manage the conduct of discovery." *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citing *Brennan v. Local Union No. 639, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers*, 494 F.2d 1092, 1100 (D.C. Cir. 1974)). Accordingly, the "decision whether to stay discovery is committed to the sound discretion of the district court judge." *Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016) (internal quotation marks omitted) (quoting *White v. Fraternal Ord. of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990)). In considering whether discovery should be stayed, courts "inevitably must balance the harm produced by a delay in discovery against the possibility that [a dispositive motion] will be granted and entirely eliminate the need for such discovery." *Chavous*, 201 F.R.D. at 3 (alteration in original) (internal quotation marks and citation omitted). "In order to

prevail in a motion to stay, '[t]he proponent of a stay bears the burden of establishing its need.'" *United States v. Honeywell Int'l, Inc.*, 20 F. Supp. 3d 129, 132 (D.D.C. 2013) (alteration in original) (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). Additionally, "the party seeking a stay 'must make out a clear case of hardship or inequity in being required to go forward.'" *Dist. Title v. Warren*, No. 14-cv-1808-ABJ-ZMF, 2015 WL 12964658, at *3 (D.D.C. June 15, 2015) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

Courts in this District consider the following factors when determining whether they may properly exercise their discretion to stay discovery: (1) "a motion which would be entirely dispositive if granted is pending"; (2) "discovery is not needed to permit the party who seeks discovery to oppose the pending dispositive motion"; and (3) the "party who seeks discovery would not be prejudiced by a stay." *Chavous*, 201 F.R.D. at 5; *see Loumiet*, 225 F. Supp. 3d at 83–85 (discussing these factors and granting a stay of discovery).

Even when courts grant a stay of discovery, the court may—in its discretion—allow limited discovery to proceed in an effort to efficiently manage its docket. *See Weyrich v. New Republic*, 235 F.3d 617, 628 (D.C. Cir. 2001) (noting that the district court in a defamation case "may in its discretion limit discovery to the threshold issue of falsity, thereby delaying

and possibly eliminating the more burdensome discovery surrounding evidence of actual malice” (internal quotation marks and citation omitted)).

## II. Analysis

### A. The Legal Standards Cited by Plaintiff Are Inapplicable in This District

Although Plaintiff cites the *Chavous* factors in his opposition briefing, his analysis does not address them. Rather, he advances two arguments that are inapplicable when courts in this District consider whether they may properly exercise their discretion to stay discovery. First, he argues that the “[p]endency of a motion to dismiss does not automatically entitle a movant to a stay.” Opp’n, ECF No. 20 at 6–8. In addition to this not being the legal standard in this District, Defendants do not argue that the filing of a motion to dismiss automatically entitles them to a stay. Second, he argues that “Defendants have not carried their burden to demonstrate that their motion to dismiss is clearly meritorious and case dispositive.” Opp’n, ECF No. 20 at 8–10. Again, this is not the legal standard in this District; rather, the standard is whether, if granted, the pending motion to dismiss would be thoroughly dispositive of the claims. For these reasons, Plaintiff’s arguments are without merit.

### B. The *Chavous* Factors Weigh in Favor of Granting a Stay

#### 1. Defendants' Pending Motion to Dismiss Would Be Entirely Dispositive if Granted

The Court concludes that the first *Chavous* factor weighs in favor of the stay because the pending Motion to Dismiss, if granted, would dispose of the entire case. Plaintiff does not dispute this, as he points out that "a stay of discovery pending determination of a motion to dismiss is rarely appropriate when the pending motion will not dispose of the entire case." Opp'n, ECF No. 20 at 7 (citation modified) (quoting *Royer v. Fed. Bureau of Prisons*, 292 F.R.D. 60, 62 (D.D.C. 2013)). Plaintiff's argument that "speculative contentions that a complaint could be dismissed are not enough to justify a stay," *id.* at 8 (citing *IPOC Int'l Growth Fund Ltd. v. Diligence, LLC*, No. 06-cv-1109-PLF-AK, 2006 WL 8460103, at *2 (D.D.C. Oct. 13, 2006)); fails to address the authority in this District—Defendants only need to demonstrate that if the motion is granted, it would dispose of the case.

In this District, it is "well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) (internal quotation marks omitted) (quoting *Anderson v. U.S. Attorneys Office*, No. 91-cv-2262-LFO, 1992 WL

159186, at *1 (D.D.C. June 19, 1992))); *see Loumiet*, 225 F. Supp. 3d at 82. Courts take this view because "[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *See Chavous*, 201 F.R.D. at 2 (internal quotation marks and citation omitted). Accordingly, a court may properly exercise its discretion to stay discovery where such a motion is pending. *See id.* at 5. That is the case here. Thus, this factor weighs in support of granting a stay.

### 2. Plaintiff Does Not Require Discovery to Oppose Defendants' Pending Motion to Dismiss

Plaintiff does not address this factor in his opposition briefing and therefore has conceded it. *See Wash. All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 892 F.3d 332, 344 (D.C. Cir. 2018) ("In the context of non-dispositive motions, we have affirmed district court decisions that treated as conceded an issue left entirely unaddressed by the plaintiff in a timely filed response."). Even if Plaintiff had not conceded it, Plaintiff has already filed his briefing in opposition to Defendants' Motion to Dismiss, *see* Pl.'s Opp'n to Defs.' Mot. to Dismiss the Compl., ECF No. 19; accordingly, he has demonstrated that he did not require discovery to oppose the Motion to Dismiss.

In this District, a court may properly exercise its discretion to stay discovery where "discovery is not needed to permit the party who seeks discovery to oppose the pending dispositive motion." *Chavous*, 201 F.R.D. at 5. That is the case here. Thus, this factor weighs in favor of granting a stay.

### 3. Plaintiff Would Not Be Prejudiced by a Stay and Defendants Would Be Prejudiced Without One

Defendants argue that Plaintiff will not be prejudiced by a brief stay of discovery pending resolution of the Motion to Dismiss, particularly since the case has just begun. Mot. to Stay, ECF No. 16-1 at 16 (citing *Maljack Prods., Inc. v. Motion Picture Ass'n of Am.*, No. 90-cv-1121-JGP, 1990 WL 157900, at *1 (D.D.C. Oct. 3, 1990)). Plaintiff disagrees on two grounds. First, he argues that the publication of the article is causing him "ongoing defamation and reputational harm of the most severe kind," and that "[a]ny delay in discovery will only serve to delay Dir. Patel repairing his reputation by delaying the progress of this litigation." Opp'n, ECF No. 20 at 11–12. As stated above, discovery has not yet commenced in this matter. Furthermore, Plaintiff cited no legal authority in support of his argument. The Court therefore rejects it.

Second, Plaintiff argues that a delay in discovery creates "tangible evidentiary prejudice" as "[m]emories fade," "[d]ocuments may be lost or destroyed," and "[s]ources who might

today recall the circumstances of publication may become unavailable." *Id.* at 12. Plaintiff further states that the "longer discovery is delayed, the more difficult it becomes to reconstruct the facts surrounding Defendants' publication decisions. This is particularly critical in an actual malice case, where the central inquiry concerns Defendants' subjective state of mind at the time of publication." *Id.* Here, however, discovery has not yet commenced and the case has been pending for a little over six months with the Motion to Dismiss being ripe for about two months.

For these reasons, the Court concludes that Plaintiff will not be prejudiced by a brief stay of discovery pending resolution of Defendants' Motion to Dismiss because the stay is finite—pending resolution of the Motion to Dismiss—and is occurring at the beginning of the case. *See Maljack Prods., Inc.*, 1990 WL 157900, at *1-2 (granting stay where discovery had not yet started and stay was limited to pendency of motion to dismiss).

On the other hand, Defendants argue that not granting the stay would prejudice them for three reasons. First, they assert that because Plaintiff is a "serial defamation plaintiff," Mot. to Stay, ECF No. 16-1 at 8; he "may seek to wield governmental power in connection with this lawsuit and broader criticism of his FBI directorship," *id.* at 16. Second, they argue that

"potentially unnecessary discovery is particularly prejudicial here because it would involve the sitting FBI Director invading Defendants' newsgathering and editorial processes, potentially seeking the identities of confidential sources that may invite only further retaliatory action from Director Patel." *Id.* at 16-17.

With regard to these two arguments, Plaintiff responds that Defendants may not invoke the First Amendment "as a talisman to shield themselves from discovery" because "the First Amendment does not provide a blanket shield from discovery in defamation cases—particularly where, as here, the plaintiff has plausibly alleged actual malice." *See* Opp'n, ECF No. 20 at 10.

To support this argument, Plaintiff challenges Defendants' reliance on *Moldea v. N.Y. Times Co.*, 137 F.R.D. 1, 2 (D.D.C. 1990); arguing that the court in that case "acknowledged First Amendment sensitivities but expressly stated that 'this factor standing alone would not automatically entitle defendant to a stay of discovery.'" *See* Opp'n, ECF No. 20 at 10 (quoting *Moldea*, 137 F.R.D. at 2). Plaintiff contends that "[t]he court in *Moldea* ultimately granted a limited stay only because the pending motion for summary judgment in that case was clearly meritorious—a showing Defendants cannot make here." *Id.* at 10-11. However, Plaintiff misrepresents Defendants' argument, the court's reasoning in *Moldea*, and the standard applicable in this

District. First, Defendants do not rely solely on First Amendment concerns in arguing that a stay of discovery is appropriate here. *See* Mot. to Stay, ECF No. 16-1 at 12–17. Second, the *Moldea* court granted the motion for stay based on its consideration of: (1) "significant First Amendment issues"; (2) discovery not being necessary for the plaintiff there to respond to the motion for summary judgment; and (3) the brevity of the stay. *Moldea*, 137 F.R.D. at 2. Finally, as the Court explained above, the "clearly meritorious" standard is not controlling in this District. For all these reasons, Plaintiff's arguments are without merit and the Court concludes that discovery should be stayed at this juncture because of Defendants' legitimate First Amendment concerns and because discovery may be unnecessary.

Defendants' third argument is that they would be prejudiced because discovery in this case "is likely to present significant, expensive, and complex issues." Mot. to Stay, ECF No. 16-1 at 17. Plaintiff does not respond to this argument. *See generally* Opp'n, ECF No. 20. The Court concludes that resolving threshold dispositive motions before initiating discovery would avoid "wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous*, 201 F.R.D. at 2 (internal quotation marks and citation omitted); *see* Mot. to Stay, ECF No. 16-1 at 17; *Covad Communications Co. v.*

*Revonet, Inc.*, 250 F.R.D. 14, 18 (D.D.C. 2008) (noting discovery was stayed pending resolution of a motion for judgment on the pleadings "in order to save the litigants potentially unnecessary discovery expenses").

In this District, a court may properly exercise its discretion to stay discovery where the party seeking discovery "would not be prejudiced by a stay." *Chavous*, 201 F.R.D. at 5. The Court agrees with Defendants that—for reasons related to the First Amendment as well as burdensome and potentially unnecessary discovery concerns—Defendants would face substantial prejudice if discovery was not stayed.

For the reasons explained above, the Court concludes that Plaintiff would not be prejudiced by a stay and Defendants would be prejudiced without one. In addition, judicial economy counsels in favor of staying discovery at this stage. Thus, this factor weighs in favor of a stay.

***

The Court concludes that all three factors weigh in favor of granting a stay of discovery. Defendants have sustained their burden of establishing their need for a stay, *see Honeywell Int'l, Inc.*, 20 F. Supp. 3d at 132; and made "a clear case of hardship or inequity in being required to go forward,'" *Dist. Title*, 2015 WL 12964658, at *3 (internal quotation marks and citation omitted).

### C. The Court Excludes *Touhy* Requests from the Stay

Defendants request a limited exception to the discovery stay to allow *Touhy* requests to proceed while their Motion to Dismiss is pending. Mot. to Stay, ECF No. 16-1 at 18–25. *Touhy* regulations provide the mechanism by which third-party discovery may be requested from the government. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); 28 C.F.R. §§ 16.21–16.29 (setting forth "procedures to be followed with respect to the production or disclosure of any material contained in the files of [DOJ], any information relating to material contained in the files of the [DOJ], or any information acquired by any person while such person was an employee of [DOJ] as a part of the performance of that person's official duties or because of that person's official status").

Defendants seek to make *Touhy* requests so they can obtain "information within DOJ and FBI's possession, custody, and control that bears on the truth of the Article's reporting and Director Patel's reputation." Mot. to Stay, ECF No. 16-1 at 20. Defendants argue that this information is "'relevant' to the parties' claims and defenses and proportional to the needs of the case under Rules 26 and 45." *Id.* (quoting *BuzzFeed, Inc. v. U.S. Dep't of Just.*, 318 F. Supp. 3d 347, 356 (D.D.C. 2018)); *see also* Bolger Decl. Ex. 2, ECF No. 16-5 (attaching the DOJ, FBI, and Director Patel subpoenas). Defendants state that they

need to pursue the *Touhy* requests while the Motion to Dismiss is pending because the process is "inherently slow" and may result in motions practice. Mot. to Stay, ECF No. 16-1 at 23. They also point out that *Touhy* requests are addressed outside of any scheduling order the Court may set. *Id.* at 18.

Plaintiff opposes the exception for *Touhy* requests on two grounds. First, Plaintiff claims that Defendants seek to stay discovery except for their own discovery. Opp'n, ECF No. 20 at 13. However, Defendants are not seeking discovery against Plaintiff in his personal capacity; they are seeking to be able to request third-party discovery from DOJ, the FBI, and Plaintiff in his official capacity, none of which or whom are parties to this suit, *see* Compl., ECF No. 10 ¶¶ 2-3. Furthermore, Plaintiff may also initiate *Touhy* requests and so Plaintiff's complaints about any lack of fairness are without merit.

Second, Plaintiff claims that the proposed *Touhy* requests are "extraordinarily broad—seeking everything from Dir. Patel's medical records to his travel records, calendar, membership at private clubs, and personnel decisions throughout his tenure as FBI Director." Opp'n, ECF No. 20 at 13. The Court concludes that at this juncture, Defendants have adequately explained the need to initiate the *Touhy* requests. They point out that Plaintiff's "allegations are themselves sweeping—taking in statements about

his alleged excessive drinking and performance as FBI [D]irector, including frequent absences, mishandling of high-profile investigations, impulsive decision-making, fear of losing his job, and termination of employees perceived as disloyal." Reply, ECF No. 22 at 10. Defendants also state that "[Plaintiff] himself directly references information in his Complaint allegedly within the possession, custody, and control of the DOJ, the FBI, and Director Patel in his official capacity. The scope of the requests thus tracks the scope of the claims." *Id.* at 11 (internal citation omitted). Although Plaintiff asserts that the *Touhy* requests are overly-broad, he fails to respond to Defendants' explanations for why the information is needed. *See* Opp'n, ECF No. 20 at 13–14. Plaintiff also fails to respond to Defendants' explanation that the *Touhy* requests need to be initiated at this time because of the time-consuming nature of the requests. *See id.*

Courts in this District may exercise their discretion to allow limited discovery to proceed while staying other parts of discovery. *See Weyrich*, 235 F.3d at 628. Here, the Court, in its "broad discretion to manage the conduct of discovery," finds that no party to this case will be prejudiced by allowing *Touhy* requests from *all* parties to proceed while the remainder of discovery is stayed. *See Chavous*, 201 F.R.D. at 2.

## IV. Conclusion

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Stay Discovery Except *Touhy* Requests, ECF No. 16. All discovery, excluding *Touhy* requests by either party, is **STAYED** pending a determination of Defendants' Motion to Dismiss the Complaint, ECF No. 15.

An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed: Emmet G. Sullivan**
**United States District Judge**
**November 10, 2026**